Jeremy S. Golden (SBN 228007)
Law Offices of Eric F. Fagan
2300 Boswell Rd. Suite 211
Chula Vista, CA 91914
jeremy@efaganlaw.com
Phone: 619-656-6656 Fax: 775-898-5471
Attorney for Defendant JESSICA HARTUNG

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA HARTUNG, an individual, | Civil Case No.: |
| Plaintiff | **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |
| v. | |
| J.D. BYRIDER, INC.; JD BYRIDER OF CHANDLER; CARNOW ACCEPTANCE COMPANY; JOHN ANDERSON; and T-MOBILE USA, INC and DOES 1 through 10 inclusive, | |
| Defendants. | |

## COMPLAINT

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3.     Plaintiff JESSICA HARTUNG (maiden name Haverty), is a natural person residing in the state of California, County of Stanislaus.

4.     Defendant J.D. BYRIDER, INC. is a corporation doing business of collecting debts in California by use of interstate channels operating from an address at 12802 Hamilton Crossing Blvd.; Carmel, IN 46032.

5.     Defendant J.D. BYRIDER OF CHANDLER is a company doing business of collecting debts in California by use of interstate channels operating from an address at 1455 N. Arizona Ave.; Chandler, AZ 85225.

6.     Defendant CARNOW ACCEPTANCE COMPANY (CNAC) is a corporation doing business of collecting debts in California by use of interstate channels operating from an address at 12802 Hamilton Crossing Blvd.; Carmel, IN 46032.

7.     Defendant JOHN ANDERSON ("ANDERSON") is a natural person doing business of collecting debts in California by use of interstate channels operating from an unknown address.

8.     Defendant T-MOBILE USA, INC ("T-MOBILE") is a company doing business in California and operating from 12920 SE 38th Street; Bellevue, WA 98006.

9.     Defendant ANDERSON regularly attempts to collect consumer debts alleged to be due to another and is a "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

10.     Defendants J.D. BYRIDER, INC.; J.D. BYRIDER OF CHANDLER; CNAC and ANDERSON regularly attempt to collect consumer debts and are "debt collectors" as defined by the Rosenthal Act, California Civil Code 1788.2(c).

11.    Defendants J.D. BYRIDER; J.D. BYRIDER OF CHANDLER; CNAC and ANDERSON, and DOE defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the other to commit the acts and do the things complained of which caused the injuries and damages to Plaintiffs as set forth below.  Each of these Defendants are responsible for the conduct of the other Defendant by virtue of them being a principal, beneficiary, agent, employee, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.

12.     The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

13.    Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

14.    The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

15.    Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

16.    The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

17.    J.D. BYRIDER; and J.D. BYRIDER OF CHANDLER may collectively be referred to as "J.D. BYRIDER."

# IV. FACTUAL ALLEGATIONS

18.    The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

19.    Plaintiff purchased a used car from J.D. BYRIDER and obtained financing from CNAC (the "DEBT").

20.    Plaintiff fell behind on her payments in October 2007 when she moved and had trouble finding employment.

21.    At a time unknown, Defendant J.D. BYRIDER and CNAC assigned the DEBT to ANDERSON for collection.

22.    On or about January 14, 2008, ANDERSON called T-MOBILE and falsely identified himself as John Haverty, Plaintiff's father, and requested to be added as an authorized user to Plaintiff's account.

23.    T-MOBILE added ANDERSON as an authorized user under the name of John Haverty on Plaintiff's account.

24.    T-MOBILE then disclosed Plaintiff's home address to ANDERSON.

25.    ANDERSON used the information that T-MOBILE disclosed to aid him in his unlawful and harassing collection attempts.

26.    On or about January 16, 2008, ANDERSON began calling Plaintiff in an attempt to collect the DEBT.

27.    Over the course of approximately one week ANDERSON called and text messaged Plaintiff with such frequency and persistence as to constitute harassment.

28.    On more than one occasion, ANDERSON called and/or text messaged Plaintiff more than once on a single day.

29.    Over the course of five days ANDERSON sent Plaintiff a total of 17 text messages.

30.     On January 16, 2008, ANDERSON falsely stated he was a lawyer hired by Defendant CNAC and claimed that he was hired to "smooth out" issues between Defendant CNAC and Plaintiff.

31.     On January 17, 2008, ANDERSON called Plaintiff and stated that he knew her T-MOBILE bill was being sent to her address in Modesto.

32.     On January 17, 2008, Plaintiff told ANDERSON to cease and desist communication and ended the conversation.

33.     After Plaintiff told ANDERSON to cease and desist communication he called her back continuously; Plaintiff instructed ANDERSON to cease, each time to no avail.

34.     ANDERSON acted extremely angry, menacing and intimidating.

35.     ANDERSON falsely stated that he would have Plaintiff arrested if she did not let him have the car.

36.     On January 17, 2008, ANDERSON sent the following text message to Plaintiff: Turn the car in or I send the Sheriff, you illegally took the car out of state I cant verify insurance or address. Received 11:15 am, sender 5000 – John.

37.     On January 17, 2008, ANDERSON sent the following text message to Plaintiff: you have various bills going to crows landing. I can tell by talking to you you're smarter than this. So I guess we'll see. Received 11:19 am, sender 5000 – John.

38.     On January 17, 2008, ANDERSON sent the following text message to Plaintiff: you might want to tell your amigo Rudy to get a job, I just faxed maricopa paperwork to stanislaus sheriff department. Received 11:35 am, sender 5000 – John.

39.     On January 17, 2008, ANDERSON sent the following text message to Plaintiff: I want to make thsi [sic] clear, your money is not what i want. I want the car. If you don't give it up, get yourself some bail money.  Received 11:37 am, sender 5000 – John.

40.     After Plaintiff received this text message she was in great fear; told the caller to stop calling; and she called the police.

41.     On January 17, 2008, ANDERSON sent the following text message to Plaintiff: calling me will not help you. Park the car tell Rudy to warm up the impala.  Received 11:39

am, sender 5000 – John.

42.    On January 17, 2008, ANDERSON sent the following text message to Plaintiff: it upsets me a smart girl like you is iwith [sic] a guy is doing nothing at 11:30 a.m. but when he doesn't have a free car he'll leave.  Received 11:43 am, sender 5000 – John.

43.    On January 17, 2008, ANDERSON sent the following text message to Plaintiff: make sure and have the [sic] deputy call me, nad [sic] show him your DL too. Received 12:03 p.m., sender 5000.

44.    After Plaintiff received this text message the deputy sheriff arrived at her house, called ANDERSON and left a voicemail message ordering ANDERSON to stop contacting Plaintiff.

45.    On or about January 17, 2008, Plaintiff called T-MOBILE and asked them to block calls from ANDERSON; T-MOBILE refused.

46.    On or about January 17, 2008, Plaintiff called CNAC and spoke to Rose and explained that she felt harassed and intimidated and requested that ANDERSON cease and desist.

47.    On January 18, 2008, ANDERSON called Plaintiff four times.

48.    In three of the conversations on January 18, 2008, Plaintiff instructed ANDERSON to cease communication and said that she would have to call the police again.

49.    On January 18, 2008, ANDERSON sent the following text message to Plaintiff: does mr.bogens [sic] know you have no DL, no insurance, and no registartion [sic] yet your on the road doing work.  Received 1:38 p.m., sender 5000 – John.

50.    On January 18, 2008, ANDERSON placed an unanswered call to Lawrence Borgens, Plaintiff's employer.

51.    On January 19, 2008, ANDERSON sent the following text message to Plaintiff: Lawrence Borgens will see me first thing Monday, you should not of been rude to my employee.  Received 12:25 pm, sender 5000 – R&J Recovery.

52.    On January 19, 2008, ANDERSON sent the following text message to Plaintiff: what makes you think you can drive a car you don't pay for? My company tows for the local

police and sheriff both.  Received 12:27 pm, sender 5000 – R&J Recovery.

53.    On January 19, 2008, ANDERSON sent the following text message to Plaintiff: apparently you think you're above the law. I don't wnt [sic] any trouble. we're just doing our job.  Received 12:29 pm, sender 5000 – R&J Recovery.

54.    On January 19, 2008, ANDERSON sent the following text message to Plaintiff: the guy in georgia has been removed from the case. Now its my entire staff versus you. Received 12:32 pm, sender 5000 – R&J Recovery.

55.    On January 19, 2008, ANDERSON sent the following text message to Plaintiff: that lady you were rude to means a lot to me. I think an apology is in order.  Received 12:33 pm, sender 5000 – R&J Recovery.

56.    On January 19, 2008, Plaintiff spoke to an employee at R&J Recovery and he indicated that they had not sent any text messages to Plaintiff.

57.    On January 20, 2008, ANDERSON sent the following text message to Plaintiff: i'm hoping to God you see the light and figure out I will just take your car.  Received 5:49 pm, sender 5000 – R&J recovery.

58.    On January 20, 2008, ANDERSON sent the following text message to Plaintiff: Porky pig 200 pound slob in a double wide. figures. I got picture messages of you today. Oink oink. Ryan must like mountain climbing.  Received 5:57 pm, sender 5000.

59.    On January 22, 2008, ANDERSON called Plaintiff and Plaintiff told him to stop calling; ANDERSON stated "I don't have to stop it's my job."

60.    On or about January 22, 2008, Plaintiff called CNAC and spoke to Rose, who stated that CNAC hired ANDERSON and that she will get ANDERSON to cease and desist.

61.    Plaintiff was forced to reveal private information to her employer and friends to alert them as to the situation so they would not reveal private information for her safety and for theirs.

62.    Plaintiff then voluntarily surrendered the car.

63.    As a result of the acts alleged above, Plaintiff suffered tenseness, headaches, nervousness, fear, worry, unhappiness, loss of sleep, nightmares, crying jags, loss of appetite,

loss of concentration, loss of enjoyment of life, shortness of breath, humiliation, and extreme emotional distress.

64.     Defendant's conduct aggravated Plaintiff's anxiety disorder, post-traumatic stress disorder, back injury, and asthma; forced her to obtain medication; and forced her to see her psychiatrist.

65.     The acts complained of above are part of a pattern and practice of harassment by Defendants.

## V.  FIRST CLAIM FOR RELIEF
### (Against Defendant ANDERSON for Violation of the FDCPA)

66.     Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

67.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a)     The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to state that they were confirming or correcting location information concerning the Plaintiff;

(b)     The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(c)     The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

(d)     The Defendants violated 15 U.S.C. § 1692d(2) by using profane language and/or other abusive language;

(e)     The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

(f)  The Defendants violated 15 U.S.C. § 1692d(6) by placing telephone calls without disclosing his/her identity;

(g)  The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

(h)  The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(i)  The Defendants violated 15 U.S.C. § 1692e(3) by giving the false impression that an individual was an attorney and/or that a communication was from an attorney;

(j)  The Defendants violated 15 U.S.C. § 1692e(4) by giving the impression that nonpayment of a debt will result in the arrest or imprisonment of a person and/or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action;

(k)  The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

(l)  The Defendants violated 15 U.S.C. § 1692e(7) by giving the false impression that the consumer committed a crime or other conduct in order to disgrace the consumer;

(m)  The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(n)  The Defendants violated 15 U.S.C. § 1692e(11) by failing to indicate that all communications were from a debt collector;

(o)  The Defendants violated 15 U.S.C. § 1692e(11) by failing to include in the first communication the following warning: "This is an attempt

to collect a debt and any information obtained will be used for that purpose;"

(p)   The Defendants violated 15 U.S.C. § 1692e(14) by including in a communication a name other than the true name of the debt collector's business;

(q)   The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(r)   The Defendants violated 15 U.S.C. § 1692(f)(6) by taking or threatening to unlawfully repossess or disable the Plaintiff's property;

(s)   The Defendants violated 15 U.S.C. § 1692g(a) by failing to send the Plaintiff a validation notice within five days of the initial communication

68.   As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.   SECOND CLAIM FOR RELIEF

## (**Against Defendants J.D. BYRIDER; J.D. BYRIDER OF CHANDLER; CNAC and ANDERSON for Violation of the Rosenthal Act**)

69.   Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

70.   Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a)   The Defendants violated California Civil Code §1788.10(b) by threatening that the failure to pay a consumer debt will result in an accusation that the Plaintiff has committed a crime where such accusation, if made, would be false;

(b)   The Defendants violated California Civil Code §1788.10(e) by threatening any person that nonpayment of the consumer debt may

result in the arrest of the debtor or the seizure, garnishment, or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law;

(c)    The Defendants violated California Civil Code §1788.11(a) by using obscene or profane language;

(d)    The Defendants violated California Civil Code §1788.11(b) by placing telephone calls without disclosure of the caller's identity;

(e)    The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

(f)    The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

(g)    The Defendants violated California Civil Code §1788.12(a) by communicating with the Plaintiff's employer regarding the debtor's debt ;

(h)    The Defendants violated California Civil Code §1788.13(a) by communicating with the Plaintiff in a name other than Defendant's name or other person on whose behalf the Defendant is acting;

(i)    The Defendants violated California Civil Code §1788.13(b) by falsely representing that any person is an attorney;

(j)    The Defendants violated California Civil Code §1788.13(i) by falsely representing the true nature of the business or services being rendered by Defendant;

(k)    The Defendants violated California Civil Code §1788.13(j) by falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made;

(l)    The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above;

(m)    The Defendants violated California Civil Code §1812.700 by failing to include the notice required by this section.

71.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

72.    As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

73.    Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII.   THIRD CLAIM FOR RELIEF

### (Against Defendants J.D. BYRIDER; J.D. BYRIDER OF CHANDLER; CNAC for Negligence)

74.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

75.    Defendants had a duty to refrain from employing individuals who would abuse, harass and mislead Plaintiff.

76.    Defendants breached this duty when it allowed ANDERSON to abuse, harass and mislead Plaintiff.

77.    Defendants' breach caused Plaintiff harm.

78.    Defendants' breach was a substantial factor in causing Plaintiff's harm, both actually and proximately.

79.    Defendants are liable to Plaintiff for damages in an amount to be proven at trial.

//

//

//

## VIII.  FOURTH CLAIM FOR RELIEF
### (Against T-MOBILE for Negligence)

80.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

81.    T-MOBILE had a duty to keep Plaintiff's cellular telephone records away from unauthorized users.

82.    T-MOBILE breached this duty when it allowed ANDERSON to gain access to Plaintiff's cellular telephone records.

83.    T-MOBILE's breach caused Plaintiff harm.

84.    T-MOBILE's breach was a substantial factor in causing Plaintiff's harm, both actually and proximately.

85.    T-MOBILE is liable to Plaintiff for damages in an amount to be proven at trial.

## IX.    FIFTH CLAIM FOR RELIEF
### (Against all Defendants for Invasion of Privacy:
### Intrusion Into Private Affairs And Public Disclosure of Private Facts)

86.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

87.    Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

88.    Defendants J.D. BYRIDER; J.D. BYRIDER OF CHANDLER; CNAC and ANDERSON willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

89.    T-MOBILE willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by publicly disclosing private facts regarding Plaintiff and her cellular telephone records.

90.    Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

91.    As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

92.    Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

      (a)   Actual damages;

      (b)   Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

      (c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

      (d)    For punitive damages;

      (e)    For such other and further relief as the Court may deem just and proper.

Date: 3/14/08

_____ s/ Jeremy S. Golden _____
Jeremy S. Golden,
Attorney for Plaintiff Jessica Hartung

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: 3/14/08

_____ s/ Jeremy S. Golden _____
Jeremy S. Golden,
Attorney for Plaintiff Jessica Hartung