Michael B. Lawler (SBN 50972)
Kasey C. Townsend (SBN 152992)
Anastasia K. Mazzella (SBN 245201)
**MURCHISON & CUMMING, LLP**
2010 Crow Canyon Place, Suite 380
San Ramon, California 94583
Telephone: (925) 365-3170
Facsimile: (925) 365-3180
E-Mail:   mlawler@murchisonlaw.com
          ktownsend@murchisonlaw.com
          amazzella@murchisonlaw.com

Attorneys for Specially-Appearing Defendants, BYRIDER FRANCHISING, INC. (erroneously sued and served as J.D. Byrider, Inc.), Grace Auto, Inc. dba JD Byrider (erroneously sued as JD Byrider of Chandler), and Grace Finance, Inc. dba CNAC (erroneously sued as CarNow Acceptance Company)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA HARTUNG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>J.D. BYRIDER, INC.; JD BYRIDER OF CHANDLER; CARNOW ACCEPTANCE COMPANY; JOHN ANDERSON; and T-MOBILE USA, INC. and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. C 08-01380 SC<br><br>**DECLARATION OF JEFFREY B. HIGGINS IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2), OR IN THE ALTERNATIVE, TRANSFER VENUE OR COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>[Filed Concurrently with Motion to Dismiss and Declaration of Robert Hirst]<br><br>**Assigned to Hon. Samuel Conti**<br><br>Date : July 25, 2008<br>Time; 10:00 a.m.<br>Courtroom: 1, 17th Floor<br><br>Action Filed:   March 11, 2008<br>Trial Date:     None Set |

I, JEFFREY B. HIGGINS, declare that the foregoing is true and correct:

///

1.  I am Vice President, General Counsel, and Secretary for BYRIDER FRANCHISING, INC., erroneously sued and served as J.D. BYRIDER, INC. (hereinafter "BYRIDER"), a defendant in the above-entitled action. I have been employed by BYRIDER since 1991. As Vice President, General Counsel, and Secretary of BYRIDER, I am authorized to act on its behalf. My authority in this case is limited to specially appearing on behalf of BYRIDER on this motion and for no other purpose. I have reviewed BYRIDER's business and financial records, which were generated and kept in the normal course of business. I am familiar with BYRIDER's legal affairs and have reviewed the pleadings and other documents related to this lawsuit. I am familiar with the usual business practices and customs of BYRIDER and have personal knowledge of the facts set forth herein.

2.  I make this declaration in support of specially appearing defendants' Motion to Dismiss for Lack of Personal Jurisdiction, or in the alternative, Motion to Transfer Venue and/or Compel Arbitration and Stay Proceedings.

3.  BYRIDER was served with summons and complaint in the above-entitled action at its headquarters in Carmel, Indiana on April 7, 2008 by a process server.

4.  BYRIDER owns and has the right to license the trade-marks and business systems of a used-car and finance company known as J.D. BYRIDER and CNAC CARNOW ACCEPTANCE COMPANY, respectively.

5.  BYRIDER entered into a franchise agreement with defendants Grace Auto, Inc. (dba J.D. BYRIDER) and Grace Finance, Inc. (dba CNAC) on or about April 21, 2001 wherein Grace Auto and Grace Finance agreed to operate a used-car dealership and finance company in the State of Arizona. As part of said agreement, BYRIDER receives certain fees, such as a monthly royalty and advertising fee.

6.  BYRIDER has licensed J.D. BYRIDER/CNAC franchises throughout the United States. Each franchise is independently owned and operated. BYRIDER has never been a general or special agent, alter ego, joint venturer, partner, or employee of any of its franchisees. BYRIDER provides a business model to its franchisees in the overall

operation and management of the franchise; however, BYRIDER provides no control on the day-to-day operation of the franchises. BYRIDER has never hired, supervised, or controlled a franchisee's employees, agents, or independent contractors. BYRIDER has never dictated, supervised, or controlled the method or manner in which a franchisee collects on debts owed to them. Pursuant to its franchise agreement, BYRIDER requires franchisees to comply with all applicable local, state, and federal laws, rules, and regulations.

7. At all times relevant to this action, BYRIDER has been an Indiana corporation with its principal place of business at 12802 Hamilton Crossing Boulevard, Carmel, Indiana, 46032.

8. BYRIDER has never maintained any businesses, headquarters, or offices in California. BYRIDER is not and has never been incorporated in California. BYRIDER has never had any subsidiaries incorporated or qualified, licensed, or registered to do business in California. BYRIDER has never been owners, partners, or joint venturers, or agents of any resident or entity doing business in California.

9. Per California state law, BYRIDER is registered with the California Department of Corporations for the sole purpose of selling J.D. BYRIDER/CNAC franchises in California.

10. To date, there is only one J.D. BYRIDER/CNAC franchise located in Visalia, California. The Visalia-based franchisee was established in or about 2007. The Visalia franchise, like all other J.D. BYRIDER/CNAC franchises, is independently owned and operated. BYRIDER's franchise agreement with the Visalia-based franchisee did not give rise to any of the allegations or claims made by plaintiff in the above-entitled action. The Visalia franchisee is not a party to this lawsuit and plaintiff does not allege that any acts by the Visalia franchisee caused or contributed to her injuries and/or damages.

///
///
///

11. The employees, servants, agents, officers, and/or directors of BYRIDER have always been domiciled in or residents of Indiana. BYRIDER has never had any employees, servants, agents, officers, and/or directors residing or domiciled in California.

12. BYRIDER has never maintained any bank accounts in California. BYRIDER has never owned, leased, rented, controlled, or maintained any real or personal property or other tangible assets in the State of California. BYRIDER has never paid taxes in California.

13. BYRIDER has never maintained or operated any branch offices or comparable facilities in California. BYRIDER has never maintained any telephone listings or mailing addresses in California.

14. Although BYRIDER occasionally advertises in a national trade magazine entitled "Automotive News" that may have reached subscribers residing or domicile in California, BYRIDER has never directed any of their advertising primarily toward California residents.

15. BYRIDER operates a website entitled www.jdbyrider.com which describes the background of the franchise and offers information about franchise opportunities, employment opportunities, and dealer locations. Customers may apply for credit online; however, the credit applications are forwarded to the closest franchise dealership. Potential franchisees may only obtain information from the website; the website clearly states that the webpage is not an offer of a franchise.

16. BYRIDER has never held a board of directors, board of officers, shareholders, or other official meeting in California.

17. BYRIDER does not and has never engaged in any persistent course of conduct in the State of California and does not consent to the exercise of jurisdiction over it by the courts of the State of California.

18. BYRIDER has never been a party to any lawsuit filed in the State of California, with the exception of the present action.

///

19. When BYRIDER granted a J.D. BYRIDER/CNAC franchise to Grace Auto and Grace Finance in Arizona, BYRIDER had no reason to expect that the existence of an Arizona-based franchise would have consequences in the State of California.

20. John Anderson, a co-defendant in the above-entitled action, is not an employee, agent, servant, partner, joint venturer, or independent contractor of BYRIDER. BYRIDER never hired, retained, or exercised any supervisory control over John Anderson. BYRIDER never entered into any contract with John Anderson. BYRIDER had no contact or association with John Anderson. BYRIDER never had a business, financial, or other relationship with John Anderson. BYRIDER never purchased any debts or liabilities of John Anderson. BYRIDER never received any funds or monies from John Anderson or any person related to or in business with John Anderson. BYRIDER never paid John Anderson any type of fee or compensation for his services.

21. In my capacity as Vice President, General Counsel, and Secretary of BYRIDER, I have reviewed the Retail Installment Contract and Security Agreement entered into by plaintiff and Grace Auto on or about April 5, 2007. I have also reviewed the mandatory arbitration provision contained in said Contract.

22. I am unaware of any basis for plaintiff's claim against BYRIDER. Nevertheless, BYRIDER does not object to participating in any arbitration proceeding related to the claims alleged against BYRIDER.

23. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 27, 2008, at Carmel, Indiana.

_____
JEFFREY B. HIGGINS

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

On May 27, 2008, I served true copies of the following document(s) described as **DECLARATION OF JEFFREY B. HIGGINS IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2), OR IN THE ALTERNATIVE, TRANSFER VENUE OR COMPEL ARBITRATION AND STAY PROCEEDINGS** on the interested parties in this action as follows:

### SEE ATTACHED LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Murchison & Cumming's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address mwahlquist@murchisonlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 27, 2008, at Los Angeles, California.

_____
Marian R. Wahlquist

C 08-01380 SC

**SERVICE LIST**
**Jessica Hartung vs. JD Byrider, Inc., JD Byrider of Chandler, CarNow Acceptance Company, John Anderson and T-Mobile USA, et al,**

| | |
|---|---|
| Jeremy Scott Golden<br>Law Offices of Eric F. Fagan<br>2300 Boswell Road, Suite 211<br>Chula Vista, CA 91914<br>619-656-6656 (telephone)<br>775-898-5471 (facsimile)<br>Email: jeremy@efaganlaw.com | Attorneys for Plaintiff, Jessica Hartung |
| Eric F. Fagan<br>Law Offices of Eric F. Fagan<br>2220 Otay Lakes Rd., Suite 502-84<br>Chula Vista, CA 91915<br>619-656-6656 (telephone)<br>775-898-5471 (facsimile)<br>Email: efagan@efaganlaw.com | Attorneys for Plaintiff, Jessica Hartung |
| Jason A. Yurasek<br>Perkins Coie LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111-4067<br>415-344-7021 (telephone)<br>415-344-7221 (facsimile)<br>Email: jyurasek@perkinscoie.com | Attorneys for Defendant T-Mobile USA, Inc. |